```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

THOMAS H. CLAY, §
TDCJ-CID NO. 1124123, §
 §
      Plaintiff, §
 §
v. § CIVIL ACTION NO. H-14-0057
 §
DOCTOR ZAE YOUNG ZEON, et al., §
 §
      Defendants. §

### MEMORANDUM AND ORDER FOR SPECIAL REPORT

Thomas H. Clay, an inmate incarcerated at the Estelle Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"), has filed a prisoner civil rights complaint alleging denial of medical services. (Pre-Authorization Filing Motion Due to Plaintiff Being Under Ongoing Imminent Danger of Serious Physical Injury or Death Under 28 U.S.C. § 1915(g), Docket Entry No. 1) He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2).

Clay complains that he has been denied adequate medical care. (Docket Entry No. 1, p. 2) He states that a blood screen culture was taken on April 19, 2013, which revealed "positive cocci cluster of numerous gram negative bacilli and rare epithelial cells" and "predominant potential pathogens of a providencia [sic] stuartii serratia . . . ." Id. He states that this finding indicates the presence of an infectious disease, which he believes was brought

about by some form of food poisoning. Clay alleges that despite the test results, he has been denied effective medication and therapy to combat the infection. He further claims that doctors have refused to see or treat him although he is suffering and is in danger of dying. (Docket Entry No. 1, p. 3) Clay alleges that he is in constant pain from vomiting and suffers from dehydration. Id. at 4. As a result, he has lost 35 pounds and faces imminent danger of serious bodily injury or death. Id.

Clay has a history of filing prisoner civil rights complaints, at least three of which have been dismissed as frivolous, malicious, or without any claim upon which relief could be granted. Consequently, he is barred from filing any more prisoner civil rights complaints without paying the filing fee in advance unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). A prisoner, barred under section 1915(g), is not entitled to proceed as a pauper when his claims of endangerment are based only on conclusory allegations. Vandiver v. Prison Health Services, Inc., 727 F.3d 580, 585 (6th Cir. 2013). However, the court is hesitant to dismiss this action before making an inquiry as to whether there could be any basis to the complaint. Propes v. Quarterman, 573 F.3d 225, 228 (5th Cir. 2009) ("Briefs by pro se litigants are afforded liberal construction."), citing Johnson v. Quarterman, 479 F.3d 225, 228 (5th Cir. 2007). See also Patel v. Santana, 348 F. App'x 974, 977 (5th Cir. 2009). The court

will, therefore, with the assistance of reports from TDCJ officials, determine whether Clay is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials and whether the danger is attributable to the facts alleged in the complaint. See <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 297-298 (2d Cir. 2009). The court will also determine whether Clay was in any danger when he filed his complaint. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003).

Therefore, the court **ORDERS** a special report from the Attorney General of the State of Texas. The report shall contain the following information:

1. Records of Clay's medical history for the last twelve months while incarcerated in the TDCJ, specifically, those records that relate to Clay's alleged condition.

2. Clay's record of medical treatment while incarcerated in TDCJ for the last twelve months.

3. Any affidavits or narratives that would aid the court in its analysis of the records.

The Attorney General is further **ORDERED** to file copies of policies, procedures, and records pertinent to the issues in this cause. See <u>Parker v. Carpenter</u>, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992), <u>citing</u> <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978); <u>Cay v. Estelle</u>, 789 F.2d 318, 323 n.4 (5th Cir. 1986). If appropriate, the Attorney General's <u>Martinez</u> report should also include a sworn statement explaining whether Clay has exhausted all available remedies with respect to his claims.

The Attorney General is further **ORDERED** to comply with this Order no later than February 18, 2014.

Clay is **ORDERED** not to submit any more pleadings or correspondence to the court until after the court has had an opportunity to review the records submitted by the Attorney General.

### Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED without prejudice** because Clay has failed to attach a certified copy of his inmate trust fund statement for the 6-month period preceding the filing of this action. 28 U.S.C. § 1915(a)(2).

2. The Attorney General shall submit a Martinez report in compliance with the terms of this Memorandum and Order no later than February 18, 2014.

3. The Clerk is directed to provide a copy of this Memorandum and Order for Special Report to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, P.O. Box 12548, Austin, Texas 78711-2548, by certified mail, return receipt requested.

**SIGNED** at Houston, Texas, on this 17th day of January, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE